```
                        UNITED STATES DISTRICT COURT

                       EASTERN DISTRICT OF CALIFORNIA


UNITED STATES, for the Use and  )  Case No. 2:09-cv-01745-JAM-DAD
Benefit of COUNTYWIDE MECHANICAL)
SYSTEMS, INC., a California     )
corporation,                    )  ORDER GRANTING J.M.R.
                                )  CONSTRUCTION CORP.'S PETITION
            Use-Plaintiff,      )  TO COMPEL ARBITRATION AND
                                )  MOTION TO STAY PENDING
     v.                         )  ARBITRATION
                                )
ARCH INSURANCE COMPANY, a       )
Missouri corporation, J.M.R.    )
CONSTRUCTION CORP., a California)
Corporation, and DOES 1 through )
10, inclusive,                  )
                                )
            Defendants.         )
_____)
J.M.R. CONSTRUCTION CORP.,      )
                                )
            Cross-Complainant,  )
                                )
     v.                         )
                                )
COUNTYWIDE MECHANICAL SYSTEMS,  )
INC., NORTH AMERICAN SPECIALTY  )
INSURANCE COMPANY; and ROES 1-10)
inclusive,                      )
                                )
            Cross-Defendants.   )
_____)
```

This matter comes before the Court on Defendant and Counter-Claimant (erroneously named as Cross-Complainant) J.M.R. Construction Corp.'s ("JMR") Petition to Compel Arbitration and

Motion to Stay this Action Pending Arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (Doc. #25). Plaintiff and Counter-Defendant (erroneously sued as Cross-Defendant) Countywide Mechanical Systems, Inc. ("Countywide") and Counter-Defendant (erroneously sued as Cross-Defendant) North American Specialty Insurance Company ("NASIC") did not oppose JMR's Petition to Compel Arbitration and Motion to Stay.[1]

Neither Countywide nor NASIC filed a statement of non-opposition to JMR's Petition to Compel Arbitration and Motion to Stay. Local Rule 230(c) requires a party responding to a motion to file either an opposition to the motion, or a statement of non-opposition, no less than fourteen (14) days preceding the noticed hearing date. Local Rule 110 authorizes the Court to impose sanctions for "failure of counsel or of a party to comply with these Rules." Therefore, the Court will sanction both Countywide's and NASIC's counsel $150.00 unless they show good cause for their failure to comply with the Local Rules.

ORDER

After carefully considering the papers submitted in this matter, it is hereby ordered that JMR's Petition to Compel Countywide and NASIC to submit to binding arbitration through JAMS is GRANTED. It is further ordered that JMR's Motion to Stay Pending Arbitration is GRANTED and this action is stayed pending the binding arbitration between JMR, Countywide, and NASIC.

Additionally, it is hereby ordered that within ten (10) days

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for June 29, 2011.

1 of this Order counsel for Countywide and NASIC shall either:
2 (1) pay sanctions of $150.00 to the Clerk of the Court, or
3 (2) submit a statement of good cause explaining their failure to
4 comply with Local Rule 230(c).
5     IT IS SO ORDERED.
6 Dated: July 20, 2011
7                                     JOHN A. MENDEZ,
                                      UNITED STATES DISTRICT JUDGE

3